FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

06 JAN 27 PM 12: 39

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

WEBER DESIGN GROUP, INC.,                  )
                                           )
        Plaintiff,                         )
                                           )
vs.                                        )      CASE NO:  2: 06-cv-58-FtM-33
                                           )                             SPC
PROVIDENT DEVELOPMENT GROUP, INC.,         )
PROVIDENT HOMES, INC.,                     )
PAUL A. KOENIG AND KEN MASTRANDREA,        )
                                           )
        Defendants.                        )
_____)

## COMPLAINT - INJUNCTIVE RELIEF SOUGHT

Plaintiff sues Defendants and alleges:

## JURISDICTION AND VENUE

1.    This action arises under the federal Copyright Act of 1976, Title 17, United States Code.

      Jurisdiction is founded on Title 28, United States Code, Section 1338(a).  Venue is

      conferred by Title 28, United States Code, Section 1400(a).

## THE PARTIES

2.    Plaintiff, WEBER DESIGN GROUP, INC., is a corporation, organized and existing pursuant

      to the laws of the State of Florida, with its principal place of business at 5688 Strand

      Court, Naples, Florida.

3.    Defendant PROVIDENT DEVELOPMENT GROUP, INC. is a corporation, organized and

      existing pursuant to the laws of the State of Florida, with its principal place of business

      at 4501 Tamiami Trail North, Suite 224, Naples, Florida.

-1-

4.   Defendant PROVIDENT HOMES, INC. is a corporation, organized and existing pursuant to the laws of the State of Florida, with its principal place of business at 4501 Tamiami Trail North, Suite 224, Naples, Florida.

5.   Defendant, PAUL A. KOENIG, is a citizen of the United States, residing at 1575 S.W. St. Andrews Drive, Palm City, Florida.

6.   Defendant, KEN MASTRANDREA, is a citizen of the United States, residing at 4501 Tamiami Trail North, Suite 224, Naples, Florida.

7.   Plaintiff is an architectural/design firm engaged in the business of designing homes.

### Count I

8.   Plaintiff realleges paragraphs 1 through 7 above.

9.   Plaintiff is the creator and original owner of an original architectural work entitled Stock Plan F1-A3478G (hereinafter "Work 1"), a copy of the architectural plans for which are attached hereto as *Exhibit A*.

12.   Work 1 was originally created by Plaintiff in or around 2001.

13.   Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of Work 1, and received from the Register of Copyrights a certificate of registration, dated and identified as follows: "June 7, 2001, VAu 512-647". Said certificate of registration is attached hereto as *Exhibit B*.

14.   Plaintiff is the owner of the entire right, title and interest in and to Work 1, and in and to the copyright thereon and the registration thereof.

15.   After Work 1 was created in 2001, the Defendants infringed said copyright by

advertising, designing, constructing and participating in the construction of one or more residences copied largely from Plaintiff's copyrighted Work 1. A copy of the infringing residence plan is attached hereto as *Exhibit C* and is an infringement of the Plaintiff's Work 1.

16.  Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

17.  In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

18.  Any continued unauthorized and infringing use by the Defendants of the copyrighted Work 1 will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the advertisement and construction of any additional structures based upon Plaintiff's copyrighted architectural Work 1 will severely diminish the value of the original work, constitute unfair competition with Plaintiff's exclusive right to the use and sale of Work 1 and dilute the market for Work 1.

19.  Plaintiff has employed the services of the law firm of Parrish, White & Lawhon, P.A. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A.  That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from constructing any structure based upon  Work 1 and from reproducing or otherwise distributing or selling Work 1 in whole or in part.

-3-

B.   That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

    a.   Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

    b.   Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C.   That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's Work 1.

D.   That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E.   Such other and further relief as is just.

Jon D. Parrish, Esquire
Trial Counsel
Florida Bar Number 984329
Parrish, White& Lawhon, P.A.
Attorneys for Plaintiff
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
239/566-2013
Facsimile 239/566-9561